## Holscher v. Henderson and Brother, Inc., Appellant.

*Trespass—Conversion—Lease of personal property—Assignment —Rights of assignee.*

In an action of trespass for the conversion of two electric hoists it appeared that the plaintiff, the assignee of a lessee under a bailment lease, had completed the payments and fulfilled the requirements of the lease. It also appeared that the defendants had borrowed the hoists from the plaintiff and had later purchased the interests of one, who, after all the payments had been made, had taken an assignment from the original lessor.

In such case plaintiff was entitled to binding instructions in her favor. The assignment of the lease after all the rental had been paid did not confer any new rights in the assignee, nor give them the right to collect as rental a debt due them under a previous transaction.

Argued October 23, 1924.   Appeal, No. 133, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1922, No. 5992, on verdict for plaintiff in the case of Annie E. Holscher v. Henderson and Brother, Inc.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass for conversion of two electric hoists.   Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000 and judgment thereon.   Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Joseph L. Ehrenreich,* for appellant.

*Henry L. Schimpf, Jr.,* and with him *William A. Carr* and *Sidney L. Krauss,* for appellee.

OPINION BY PORTER, J., December 12, 1924:

This is an action of trespass for the conversion of two electric hoists. The plaintiff recovered a verdict and judgment in the court below and the defendants appeal. The facts are, briefly, as follows: On November 30, 1914, the S. Flory Manufacturing Co. entered into a written agreement with Peter Halscher leasing two electric hoists to the latter for a period of six months; the agreement provided for the payment of $200 cash upon the execution thereof and $300 upon delivery of the hoists and the sum of $233 upon each of the six succeeding months, the deferred payments to be evidenced by notes, dated November 30, 1914, and payable, respectively, in one, two, three, four, five and six months from said date. The agreement contained the following covenant, viz: "When the said lessee shall have kept the terms of this agreement, he shall at the termination of the said terms and for ten days thereafter, have the right to purchase the said hoists upon the payment to the said lessor of the sum of $10. It is agreed that the whole rent of said hoists is $1,890, interest on same $20.19, amount of purchase money $10; total amount, $1,-920.19." It was upon all hands admitted that Peter Holscher paid to the S. Flory Manufacturing Co. the cash payments, amounting to $500 and the notes falling due in the month of December, 1914, and in the months of January and February, 1915, but being unable to pay the note falling due on March 30, 1915, he on April 21, 1915, assigned and conveyed to this plaintiff all his title and interest in the lease and the machines therein mentioned, in consideration of her assuming the payments then due and to become due under said lease "so as to relieve the said Peter Hoescher and Son from liability to make payment of the same." The S. Flory Manufacturing Co. consented in writing to said assignment and transfer. The plaintiff produced evidence establishing that she had completed the payments required by the agreement, and that the S. Flory Manu-

facturing Co. had received all the moneys to which it was entitled under the agreement, including the $10 of purchase money.

The testimony of the president of the defendant corporation, while evasive, admitted in substance that they had borrowed the electric hoists from the plaintiff, and thus obtained possession thereof. The evidence produced by the defendants upon which they based their allegation that the plaintiff was not entitled to recover, was really an attempt to establish that the plaintiff had not paid the full amount of the consideration for the property required by the agreement with the S. Flory Manufacturing Co., and that the defendants had become the owners of the property through the purchase by them from Jacob S. Allen, the latter having become the owner thereof through an alleged assignment of the lease by the S. Flory Manufacturing Co. The evidence produced failed to sustain the claim set up by the defendants. Jacob S. Allen, who as agent for the S. Flory Manufacturing Co., had negotiated the sale of the electric hoists to Peter Holscher was called as a witness and upon his testimony alone rested the claim of the defendants to ownership of the property. Allen testified that when the cash payments were to be made, at the inception of the transaction, Holscher did not have sufficient money to make the payment and that he, Allen, loaned Holscher something over $100 to enable him to make the payment and took Holscher's note, payable to him, Allen, personally, for the amount so loaned; that he assigned the note to his attorney who took a judgment on it and afterwards could not collect it; that when he assigned the note he got value for it and then when he found out that it had not been paid bought it back and that in January, 1917, he obtained from the S. Flory Manufacturing Co. a written assignment of their interest in the lease, which assignment was offered in evidence. Allen, in December, 1919, in consideration of the sum of $162.83, by instrument in writing, sold and

transferred all his right, title and interest in the hoists to the defendant company.  It was an undisputed fact that the S. Flory Manufacturing Co. had received in cash all the rents to which it was entitled under the terms of the lease.  The fact that Allen had loaned to Halscher a part of the fund necessary to make the cash payment and taken his note therefor did not invest Allen with any title to or interest in the hoists and he could not acquire any interest by accepting an assignment of the lease after all the rentals had been paid, nor did he thereby obtain any right to collect as rental under the lease the amount of money which he had personally loaned to Holscher.  The right of these defendants, acquired by the purchase of the interest of Allen, rose no higher than the interest of the latter.  The court did not err in giving binding instructions for the plaintiff.

The judgment is affirmed.